In re Michael R. EVANS, Debtor.

UNITED STATES of America,
Appellant,

v.

Michael R. EVANS, Appellee.

Bankruptcy No. 85–02638–K.
Civ. A. No. 87–0168.

United States District Court,
E.D. Pennsylvania.

Aug. 14, 1987.

Arthur Liebersohn, Philadelphia, Pa., for Evans.

Frederic J. Baker, U.S. Tax Div., Dept. of Justice, Washington, D.C., Joseph Simmons, Deputy in Charge of Bankruptcy Operations, U.S. Bankruptcy Court, Philadelphia, Pa., for the U.S.

MEMORANDUM AND ORDER

HANNUM, Senior District Judge.

The appellant, Internal Revenue Service (IRS), has appealed pursuant to 28 U.S.C. § 158(a) after the United States Bankruptcy Court for the Eastern District of Pennsylvania entered an Order on December 2, 1986, in which the bankruptcy court denied the motion of the IRS to alter or amend judgment relating to the bankruptcy court's Opinion and Order entered October 28, 1986, 66 B.R. 506. In the Opinion and Order entered October 28, 1986, the bankruptcy court held that the debtor, Michael R. Evans, need only provide in his plan for that portion of the IRS' claim which is accorded priority status and that the debtor may modify his plan in a manner consistent with the bankruptcy court's conclusions. The bankruptcy court denied the motion of the IRS to dismiss the case or require its conversion from Chapter 13 of the Bankruptcy Code of 1978 (the Code) to one under Chapter 7 of the Code.

The undisputed facts are as follows. The debtor filed a petition under Chapter 13 of the Code on June 28, 1985.[1] At the time of filing his petition, he filed a statement in which he listed a debt in an unspecified amount to the IRS and designated that the debt was "TO BE PAID OUTSIDE PLAN." The debtor also filed a form plan, which provided for monthly payments of $360 for thirty-six months, but did not designate any specific disposition of claims. The plan did, however, state that "[a]ll claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, as required by 11 U.S.C. § 1322(a)(2) . . . ."

1. Chapter 13 of the Code provides overextended debtors an alternative to ordinary bankruptcy (liquidating bankruptcy). *See* 11 U.S.C. § 109(e). Debtors may obtain a discharge of their debts through the employment of a plan, which is occasionally referred to as a "wage earner plan," for the payment of their debts over an extended period of time out of the debtor's future income. *See* 11 U.S.C. § 1322(c).

On September 10, 1985, the IRS filed a Proof of Claim pursuant to 11 U.S.C. § 501, setting forth the following amounts due on alleged federal taxes from 1978 through 1984, for a total amount of $124,413.47:

| Tax Year | Tax Due | Penalty to Petition Date | Interest to Petition date |
|---|---|---|---|
| 1978 | $4,647.29 | $3,762.86 | $9,056.76 |
| 1979 | 8,030.42 | 3,814.45 | 8,591.38 |
| 1980 | 10,035.03 | 4,766.64 | 8,843.21 |
| 1981 | 10,035.03 | — | 5,572.67 |
| 1982 | 10,035.03 | — | 3,011.98 |
| 1983 | 10,035.03 | — | 1,529.63 |
| 1984 | 10,035.03 | — | 267.95 |

Also, $12,343.08 was designated as a "penalty to date of petition on unsecured priority claims." Further, the IRS stated on the Proof of Claim that on September 7, 1983, it had filed tax liens with respect to the tax due for the 1978, 1979, and 1980 tax years against the debtor, who owns residential real estate.

On February 6, 1986, the debtor filed a motion pursuant to 11 U.S.C. § 502 in objection to the allowance of the IRS' claim. The debtor contended that "[t]here exists no feasible method for paying the claim of creditor except outside the Chapter 13 plan." The debtor stated, however, that he was willing to stipulate that the IRS could have relief from the automatic stay, which is imposed pursuant to 11 U.S.C. § 362 when a debtor files a Chapter 13 petition and which restricts the actions of creditors against a debtor's property.[2]

On February 25, 1986, the debtor filed a first modified plan, reducing monthly payments to $290 and extending the payment period to sixty months. Before the bankruptcy court acted on the debtor's objection to the IRS' proof of claim, the debtor filed a second modified plan, in which he increased his monthly payments to $2,600 for sixty months.

On May 7, 1986, the bankruptcy court approved a report of the Chapter 13 standing trustee recommending confirmation and entered an order confirming the debtor's modified plan.

The IRS filed an amended Proof of Claim on June 10, 1986, in which it set forth the same figures with respect to the tax liabilities for the 1978, 1979, and 1980 tax years, but changed the figures for later years to provide as follows:

| Tax Year | Tax Due | Interest to Petition Date |
|---|---|---|
| 1981 | $830.00 | $460.92 |
| 1982 | 343.00 | 102.16 |
| 1983 | 21.00 | 3.20 |
| 1984 | 514.00 | 13.72 |

In addition, $532.37 was designated as a "penalty to date of petition on unsecured priority claims." The IRS' amended Proof of Claim reduced the debtor's total alleged tax liability.

On September 11, 1986, the bankruptcy court held a hearing regarding the debtor's objection to the IRS' claim. Counsel for the debtor argued that the debtor, who earned $7,384 a year, would not be able to pay $31,200 annually in accordance with the second modified plan. Counsel further stated that the debtor intended to make payments to the IRS outside of the plan,

---

**2.** The bankruptcy court observed in its Opinion entered October 28, 1986, that the IRS would then be able to enforce its tax liens against the debtor's realty.

meaning not dealt with under the terms of the plan. He suggested that the IRS could get relief from the automatic stay and foreclose on its tax lien.

Counsel for the IRS rejected the debtor's offer and asserted that the Code requires the debtor to provide in his plan for secured claims-those for which the IRS has filed a tax lien. In addition, counsel argued that if the debtor could not submit a feasible plan, then he should liquidate under Chapter 7 or should be dismissed from Chapter 13. The bankruptcy court directed counsel to submit briefs on the issue of whether a debtor may provide for payment on secured or priority[3] claims outside the plan. On September 22, 1986, the IRS filed a motion to dismiss the debtor from Chapter 13 or in the alternative to convert to Chapter 7.

In an Opinion and Order entered October 28, 1986, the bankruptcy court held that 11 U.S.C. § 1325(a)(5) enables a debtor to choose whether to deal with a secured claim in his plan, that is, whether to provide for or pay a secured claim inside the plan or outside the plan. *See Matter of Bradley*, 705 F.2d 1409 (5th Cir.1983); *Matter of Foster*, 670 F.2d 478 (5th Cir.1982); 5 *Collier on Bankruptcy*, § 1325.06, at 1325–31 (15th ed. 1986). The bankruptcy court further held that the debtor's tax liabilities for the years 1982, 1983, and 1984 are not secured by liens, are priority claims, and therefore must be dealt with inside the plan in accordance with 11 U.S.C. § 1322(a)(2). *See In re Healis*, 49 B.R. 939 (Bankr.M.D.Pa.1985). In addition, the bankruptcy court denied the IRS' motion to dismiss or to convert the case to one under Chapter 7.

The IRS advances three arguments in support of its contention that the bankruptcy court erred. The Court does not find any of these arguments convincing.

■ The IRS first contends that the bankruptcy court erred when it addressed the question of whether a debtor needs to provide payment on a secured claim under Chapter 13 at a hearing regarding an objection to a proof of claim. Without citing any authority, the IRS asserts that "any issue concerning how an allowed claim should be treated is *clearly* outside the purview of a hearing on an objection to a proof of claim." (Emphasis added.) In contrast to the IRS' view, this Court is not aware of authority that prohibits a judge from raising issues at a hearing and the Court does not find the IRS' argument to be persuasive and rejects it.

The IRS next contends that the debtor is precluded from filing a modified plan when he had already provided for payment on the IRS' secured claim and he has not encountered postconformation extraordinary circumstances. The IRS avers that the debtor's plan "clearly" made a provision for payment of the IRS' secured claim. The Court observes that contrary to the IRS' assertion, the debtor never provided in his plan for payment of the IRS' secured claim. Rather, the debtor stated that the IRS' claim was to be paid *outside* the plan. Accordingly, the Court rejects the IRS's argument.

■ With respect to the IRS' assertion that the debtor may not modify his plan since he has not encountered post-confirmation extraordinary circumstances, the Court observes that the court in *In re Davis*, 34 B.R. 319 (Bankr.E.D.Va.1983), addressed this issue as follows:

The legislative history of Section 1329 [of the Code] does not indicate that the debtor has the burden of showing a grievous change in circumstances to be entitled to modify the plan. Congress noted that the Bankruptcy Reform Act provided for post-confirmation modification of a Chapter 13 plan "[i]f a problem arises in the execution of the plan...." H.Rep. No. 95–595 p. 125 Bankr.-L.Ed., Leg.Hist. § 82:4 (legislative history mentions catastrophic circumstances only when referring to "hardship discharge" allowed under 11 U.S.C. Section 1328(b)).

*Id.* at 319–20.

The Court believes that the situation here appears to be one which would fall within

---

**3.** Priority claims are those which come within the scope of 11 U.S.C. § 507(a)(7)(A), such as unsecured claims of government units.

the intent of Congress as set forth in the legislative history. Thus, the Court rejects the IRS' argument.

 The IRS further contends that the debtor must make provisions to pay the IRS' secured claim. Relying on *Matter of Foster*, 670 F.2d 478 (5th Cir.1982), the bankruptcy court correctly held that secured claims may be dealt with outside the plan.

Affirmed.