In re David A. HANSON, D.D.S. and Ruth A. Hanson, Debtors.

Bankruptcy No. 87–20196–172.

United States Bankruptcy Court, E.D. Missouri, N.D.

Jan. 23, 1992.

David A. Johnston, Craig A. Van Matre, P.C., Columbia, MO, for debtors.

J. Joseph Raymond, Tax Div., U.S. Dept. of Justice, Washington, DC, Steven La-Bounty, District Counsel, I.R.S., St. Louis, MO, for U.S.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

At Saint Louis, in this District, this 23rd day of January, 1992.

The matter before the Court is the Debtors' post-hearing "Motion for Allowance of Attorney's Fees and Expenses Under Equal Access To Justice Act" ("Motion"). The Respondent is the United States of America. Responses to the Motion were filed by Counsel for the Tax Division of the Department of Justice. The factual determinations set out below are based upon a review of the record as a whole, including the oral arguments of Counsel.

On July 30, 1982, the IRS filed a Notice of Federal Tax Lien in Randolph County, Missouri against the Debtors for $6,211.69 in delinquent income taxes for the year 1981. On June 14, 1984, a similar tax lien was filed in Randolph County for $7,855.52 in delinquent taxes for the year 1983. On May 26, 1987, the Debtors filed their Chapter 7 petition. The Internal Revenue Service (IRS) was scheduled as a creditor. On October 9, 1987, the Debtors received a discharge of their debts under 11 U.S.C. § 727. The final order closing the case was entered on February 28, 1989.

On December 1, 1989, the IRS filed a Notice of Levy and seized the cash value of various life insurance policies owned by the debtors. On June 19, 1990, the Debtors filed a motion to reopen the estate that was subsequently granted by the bankruptcy court. On January 16, 1991, the Debtors filed a "Motion to Hold United States of America in Contempt", requesting a judgment against the IRS for their action in seizing the cash value of these life insur-

ance policies after the Court granted a discharge from the 1981 and 1983 tax liabilities. The IRS responded by filing a Motion to Dismiss or For Summary Judgment.

The motions for contempt and for dismissal or summary judgment were heard before the Honorable Barry S. Schermer. In his Memorandum Opinion and Order dated September 20, 1991, Judge Schermer granted in part the IRS' motion and held that the IRS was entitled to recover the cash value of the Debtors' life insurance policies under its 1981 and 1983 tax liens, as measured on the date of filing of the bankruptcy petition, and ordered all monies seized that were in excess of the cash value of the policies on the date of filing of the bankruptcy petition be returned to the Debtors. In this same order Judge Schermer denied the Debtors' Motion to Hold the United States in Contempt. 132 B.R. 406.

On October 23, Judge Schermer entered a "Memorandum Opinion and Order Amending Order Entered September 20, 1991", directing the IRS to credit all monies seized under the 1981 and 1983 liens in excess of the cash value of the policies on the date of filing, to any outstanding tax assessments against the Debtors which were not discharged in the bankruptcy case.

■ The Debtors argue that they are entitled to attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412 or in the alternative under Section 7430 of the Internal Revenue Code, 26 U.S.C. Section 7430.

The Court of Appeals for the Eighth Circuit held in *U.S. v. McPeck*, 910 F.2d 509 (8th Cir.1990) that the EAJA is inapplicable to any court proceeding brought by or against the United States in connection with the determination, collection or refund of any tax. *Id.* at 513. The court's rationale was that in these types of actions the EAJA is preempted by the Internal Revenue Code's attorney's fee provision, 26 U.S.C. Section 7430. The Fourth Circuit held similarly in *U.S. v. McPherson*, 840 F.2d 244 (4th Cir.1988), when it stated that "the EAJA expressly excludes from its coverage 'any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code ... applies'" *Id.* at 246 citing 28 U.S.C. Section 2412(e). Therefore this Court concludes that the Debtors are not entitled to recover attorney's fees under the EAJA.

■ The Debtors have alternatively requested compensation under the Internal Revenue Code. Section 7430 of Title 26 of the United States Code allows for the recovery of reasonable fees and costs, including attorney's fees by the prevailing party against the United States in a civil proceeding brought in connection with the determination, collection or refund of any tax, interest or penalty under the Internal Revenue Code.

A prevailing party is defined by Section 7430(c)(4) as a party which establishes that the position of the United States in the proceeding was not substantially justified; which has substantially prevailed with respect to the amount in controversy or the most significant issues; and which meets the procedural requirements of the first sentence of Section 2412(d)(1)(B) of Title 28, United States Code.

In the motion for contempt, the debtors did not meet their burden of proving that the United States' position was not substantially justified. The bankruptcy court orders entered in this case did not grant the relief requested by debtors and specifically denied the motion for contempt. This Court finds and concludes that the position of the IRS was substantially justified by a review of the pleadings in the underlying motions, and by those portions of the Bankruptcy Court's Orders that granted the Government's requests.

In addressing the question of substantial justification, the Eighth Circuit has held that

... the government's position is not substantially justified where its position is not 'clearly reasonable, well founded in law and fact, [or] solid though not necessarily correct.' *Kenagy v. U.S.*, 942 F.2d 459, 464 (8th Cir.1991).

Under this standard, the government's position may be found to have been substantially justified, even if that position was not correct.

In the case being considered here however, the government's position was found to have been correct in that it was entitled to recover under the 1981 and 1983 tax liens, and the excess of the cash value was to be assessed against outstanding taxes that were not discharged. Therefore, this Court finds and concludes that the position of the Internal Revenue Service in the underlying proceedings here was substantially justified.

The Debtors have also failed to establish that they substantially prevailed as to the amount in controversy, or as to the most significant issues in the underlying proceedings. The Debtors' motion to hold the United States in contempt was denied, and the IRS Motion to Dismiss or for Summary Judgment was granted in part. Also the Bankruptcy Court ordered that all monies in excess of the cash value of the policies on the date of filing were to be credited to any tax assessments against the Debtors that were not discharged in the bankruptcy case. Therefore, no money is to be returned to the Debtors. The Debtors were not the prevailing party as to the amount in controversy or as to the most significant issues. In view of these findings and conclusions, it is not necessary to determine whether the procedural requirements of Section 2412(d)(1)(B) of Title 28 were met. Therefore,

IT IS ORDERED that this matter is concluded; and that the Debtors' Motion for Allowance of Attorney's Fees and Expenses under the Equal Access to Justice Act or under the United States Internal Revenue Code is DENIED.