**In re James Dean BOLDMAN and Paula Ann Boldman, d/b/a Paula's Hair Designers, Debtors.**

**James Dean BOLDMAN and Paula Ann Boldman, d/b/a Paula's Hair Designers, Plaintiffs,**

**v.**

**UNITED STATES of America, United States Department of Treasury, acting through the Internal Revenue Service, Defendants.**

**Bankruptcy No. 91–80447.
Adv. No. 91–8212.**

United States Bankruptcy Court, C.D. Illinois.

July 31, 1992.

Pamela S. Wilcox, Barash, Stoerzbach & Henson, Galesburg, Ill., for plaintiffs.

Gerard A. Brost, Asst. U.S. Atty., Peoria, Ill., Beverly Ann Ortega, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

OPINION

**WILLIAM V. ALTENBERGER,**
Bankruptcy Judge.

■ Before the Court is the motion for summary judgment filed by the Plaintiffs, JAMES DEAN BOLDMAN and PAULA ANN BOLDMAN, d/b/a PAULA'S HAIR DESIGNERS (BOLDMANS). The BOLDMANS filed this action against the Defendant, the Internal Revenue Service, for violation of the automatic stay. The basic facts are undisputed. The BOLDMANS filed a Chapter 13 bankruptcy petition on February 25, 1991. The Internal Revenue Service was scheduled as a creditor and received notice of the bankruptcy proceedings. A plan was confirmed which provided that the IRS would be paid directly by the BOLDMANS outside the plan.[1] A claim filed by the IRS was objected to by the Chapter 13 Trustee and the objection was allowed on the basis that the IRS was being paid outside the plan. In November, 1991, the IRS issued a Notice of Intent to Levy. On December 3, 1991, eight days after the notice of intent to levy was issued, the BOLDMANS brought this action for violation of the automatic stay, seeking an injunction preventing the IRS from further collection activities, punitive damages, and reasonable attorney's fees.[2] On February 6, 1992, the IRS issued a release of the levy. The answer of the IRS, among other defenses, pled it had not waived its immunity to be sued with respect to damages or attorney's fees authorized by 11 U.S.C. Section 362(h).

The BOLDMANS filed a motion for summary judgment, addressing the issue of the BOLDMANS' claim for attorney's fees. The BOLDMANS contend that they are entitled to attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412. That section provides:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. Section 2412(b) (1990).

In response, the IRS contends that 26 U.S.C. Section 7430 applies and not the Equal Access to Justice Act. Section 7430(a) of the Internal Revenue Code provides:

In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for:

(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and

(2) reasonable litigation costs incurred in connection with such court proceeding.

A number of courts have agreed with the IRS that in cases such as the case before this Court it is Section 7430 of the Internal Revenue Code which applies rather than the Equal Access to Justice Act. *U.S. v. McPeck,* 910 F.2d 509 (8th Cir.1990); *In re Hanson,* 148 B.R. 584 (Bkrtcy.E.D.Mo.

---

**1.** While the BOLDMANS' plan characterized the payment to the IRS as being made "outside" the plan, in fact the claim of the IRS was being dealt with by the plan and the BOLDMANS were merely designating themselves as disbursing agents. *See* text at p. 7.

**2.** Though the complaint filed by the BOLDMANS seeks punitive damages, the motion for summary judgment filed by the BOLDMANS states that the only issue which remains is the request for attorney's fees. Accordingly, this Court regards the issue of punitive damages as having been abandoned.

1992); *In re Kiker*, 98 B.R. 103 (Bkrtcy. N.D.Ga.1988).

Generally speaking, debtors have not been too successful in obtaining an award for attorney's fees under Section 7430(a) for violations of the automatic stay. As the court noted in *Taborski v. U.S.*, 141 B.R. 959 (N.D.Ill.1992), three requirements must be satisfied in order for a party to be a "prevailing" party under this provision:

First, the party must establish that the position of the United States was not substantially justified. Second, a party must substantially prevail with respect to the amount in controversy or to the most significant issues. Finally, the party must meet certain requirements of 28 U.S.C. section 2412(d)(1)(B). *See* 26 U.S.C. section 7430(c)(4)(A).

In making the determination of whether the position of the United States was "substantially justified", some courts have held that the position to be examined is the government's in-court litigating position, and have not considered the IRS' pre-litigation conduct. *Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613 (11th Cir.1986); *In re Kiker*, 98 B.R. 103 (Bkrtcy.N.D.Ga.1988). Denying an award of attorney's fees to the debtor, the court in *Kiker* stated:

The only in-court litigating position of the United States following debtors' filing of this motion was a concession that the taxes in question were discharged in the Chapter 13 case and the ensuing consent order. Consequently, the court is unable to find that the in-court litigating position of the United States was not substantially justified.

■ This Court need not determine whether the BOLDMANS are entitled to attorney's fees under this provision of the Internal Revenue Code and leaves for another day the appropriate standards·to be applied. Although the BOLDMANS did not request fees under Section 362(h) of the Bankruptcy Code, this Court finds that the BOLDMANS are entitled to fees under that provision. Section 362(h) provides:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

While courts differ on the standard to be applied in determining whether a creditor's actions are "willful", this Court agrees with the conclusion reached by the court in *Taborski v. U.S.*, *supra*:

Courts disagree about which standard to use when deciding whether a party's technical violation of the automatic stay is willful. The United States urges us to adopt as the appropriate standard for willfulness the standard set forth in *In re Forty–Eight Insulations, Inc.*, 54 B.R. 905 (Bankr.N.D.Ill.1985). In that case, the bankruptcy court read section 362(h) as "requiring conduct which flaunts the jurisdiction and integrity of the court" and as "a deliberate and intentional act done with the knowledge that the act is in violation of the stay." (Citation omitted.) Various circuit courts have adopted a broader standard.

The Ninth Circuit in *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989), defines willful violations of the automatic stay as follows:

A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and·that the defendant's actions which . violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

*In re Bloom*, 875 F.2d at 227 (quoting *Inslaw, Inc. v. United States (In re Inslaw, Inc.)*, 83 B.R. 89, 165 (Bankr.D.D.C. 1988)). We decline to follow the more stringent *Forty–Eight Insulations* standard and instead will follow the *Bloom* standard for the following reasons.

First, the Seventh Circuit instructs district courts "to give respectful consideration to the decisions of the other courts of appeals and follow them whenever we can." (Citations omitted.) We interpret that instruction as suggesting that district courts should adopt decisions of oth-

er circuit courts over contrary decisions of other district courts. Since the United States has not cited any circuit court authority in support of the more stringent standard, we will follow the standard adopted by the Second, Third, Fourth, and Ninth Circuits.

Second, the more seasoned authority favors a broader standard. The cases cited by the United States are primarily cases of first impression, decided soon after section 362(h) was enacted. Those courts did not have higher authority to serve as a guide to determine a willfulness standard to use when imposing an award under section 362(h). The circuit cases, on the other hand, had the benefit of lower court decisions as well as insights from other circuits which had discussed the issue. As this body of law developed, the circuits seem to be uniformly adopting the broader standard. We do the same here.

A number of courts have held that the issuance of a levy notice by the IRS, albeit inadvertently, amounts to a willful violation of the automatic stay within the meaning of Section 362(h) when the IRS is on notice of a pending bankruptcy. *See In re Price*, 130 B.R. 259 (N.D.Ill.1991) (collecting cases at n. 2, p. 261). This Court agrees with the results reached by those courts.

█ At the pretrial conference, the IRS indicated that it was relying on the recent Supreme Court decision of *United States v. Nordic Village*, —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) and claiming that the doctrine of sovereign immunity applied. In filing its brief, the IRS abandoned that position, arguing that Section 7430(a) of the Internal Revenue Code applies. Accordingly, it did not address the issue of sovereign immunity. In view of this Court's ruling that the BOLDMANS are entitled to attorney's fees under Section 362(h), the doctrine is applicable, unless it has been waived. Section 106 of the Bankruptcy Code, governing waiver of sovereign immunity provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsection (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "government unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

However, as the court noted in *Taborski, supra, United States v. Nordic Village*, which involved only Section 106(c), does not apply to cases such as the instant case where the IRS has filed a claim, as the pertinent provision is Section 106(a):

Subsection 106(a) authorizes monetary recovery from a governmental unit if the governmental unit has a claim against the estate, the debtor's claim against the governmental unit is property of the estate, and the two claims arose from the same "transaction or occurrence." *United States v. McPeck*, 910 F.2d 509, 512 (8th Cir.1990); *In re Lile*, 96 B.R. 81, 84 (Bankr.S.D.Tex.1989). All three requirements are met in this case.

First, the United States has filed a proof of claim in the bankruptcy. Second, [the Debtor's] claim for her costs and attorneys' fees is considered property of the estate. *McPeck*, 910 F.2d at 513 (claim for attorneys' fees under section 362(h) is property of the estate); *Price*, 130 B.R. at 269–70 (attorneys' fees incurred as the result of the IRS's error and which the bankruptcy court might award to the Chapter 13 debtor's counsel would, if imposed upon the debtor instead of the IRS, diminish the income which the debtor could devote to the

payment of his prior debts and thus are considered property of the estate).

Finally, both claims arise out of the same transaction or occurrence, because [the Debtor's] claim for costs and attorneys' fees is proximately linked to actions the IRS took to recover back taxes. Other courts in identical situations have reached similar conclusions. *In re Bulson*, 117 B.R. 537, 540 (Bankr.9th Cir. 1990); *Price*, 130 B.R. at 270. We therefore find that the United States has waived its sovereign immunity.

In the present case, the IRS filed a claim. Although the Chapter 13 Trustee's objection to the claim on the basis that it was being paid outside the plan was allowed by the Court, the claim was not disallowed in its entirety. The BOLDMANS did not object to the claim. As many courts have noted, the "inside/outside" dichotomy, at least as it functions in the present case, merely establishes the debtors as the disbursing agent and does not render the claim as one dehors the bankruptcy and unaffected thereby. *See In re Evans*, 66 B.R. 506 (Bkrtcy.E.D.Pa.1986), *aff'd* 77 B.R. 457 (E.D.Pa.1987); *In re Gaskin*, 79 B.R. 388 (Bkrtcy.C.D.Ill.1987).

However, the BOLDMANS do need to prove the amount of their attorney's fees.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in the Opinion entered this day; IT IS, THEREFORE, ORDERED:

1. That the Internal Revenue Service is liable to the Debtors for reasonable fees and expenses of attorneys pursuant to Section 362(h) of the Bankruptcy Code.

2. The Debtors' attorney is directed to file a fee application within thirty (30) days of the date of this Order.

3. That the Clerk of this Court is directed to set the fee application for hearing to determine the amount of reasonable fees and expenses of attorneys.