**In re Craig Francis MARCUS, Debtor.**

**Bankruptcy No. 2–92–00134.**

United States Bankruptcy Court,
D. Connecticut.

Sept. 9, 1994.

Martin W. Hoffman, Hartford, CT, for trustee.

Dale C. Roberson, Draghi & Roberson, Ellington, CT, for debtor.

## MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

#### *Issue*

Code § 522(d)(11)(D) permits a debtor to exempt "[t]he debtor's right to receive ... a payment, not to exceed $7,500, on account of personal bodily injury, not including pain or suffering or compensation for actual pecuniary loss, of the debtor...." The question presented by this proceeding is whether § 522(d)(11)(D) entitles a debtor, who has sustained personal bodily injuries in two separate prepetition accidents, to two exemptions of $7,500. The Chapter 7 trustee timely objected to the debtor's multiple claimed exemptions contending that the debtor is limited to a single maximum $7,500 exemption, regardless of the number of accidents. The parties have submitted the matter on briefs only.

### II.

#### *Background*

Craig F. Marcus, the debtor, filed a Chapter 7 petition on January 15, 1992. The U.S. Trustee thereafter appointed Martin W. Hoffman, Esq. (trustee), as trustee of the debtor's estate. The debtor had been in two automobile accidents—one in Rhode Island and the other in Connecticut. The first accident occurred on August 17, 1991 (the Rhode Island accident) and the second occurred on November 21, 1991 (the Connecticut accident). The debtor's schedules, as amended, claim a $7,500 exemption for each accident. By motions dated January 28, 1994, the trustee moved for court approval of settlements of the two accidents, asserting in each motion that as a result of the said accident the debtor sustained a five-percent permanent partial disability to his lower back. The court, on February 24, 1994, after notice and hearing, approved a settlement of the Rhode Island accident for $12,500, and a settlement of the Connecticut accident for $30,000.

### III.

#### *Arguments of the Parties*

The trustee maintains that the plain language of § 522(d)(11)(D), especially the reference to "a payment", indicates that a debtor is entitled to "a maximum exemption of $7,500 for all personal bodily injury whether from one accident or several." Trustee's brief at 4. This interpretation is supported, the trustee contends, by the holding of *In re Rhodes,* 147 B.R. 443, 447–48 (Bankr.N.D.Ill. 1992),[1] which interpreted a somewhat comparable Illinois exemption statute. The Illinois statute was identical to § 522(d)(11)(D) except that it omitted the parenthetical "not including pain or suffering or compensation for actual pecuniary loss of the debtor." *See* Ill.Rev.Stat. ch. 110, para. 12–1001(h)(4) (1988). The *Rhodes* court stated that although the chosen interpretation—allowing a debtor only a single personal injury exemption—"is not without difficulty ... it is the best reading of the statute." 147 B.R. at 447.

The debtor relies on the doctrine that exemption statutes are to be construed liberally in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985) ("personal property exemption statutes should be liberally construed in order to carry out the legislative purpose in enacting them—to protect debtors"); *In re Corbi,* 149 B.R. 325, 329 (Bankr. E.D.N.Y.1993) (same). The debtor further notes that § 522(d)(11)(D) exempts only payments for actual bodily injury, (in contrast to the statute construed in *Rhodes* ) and that subsection (11) does not call for aggregation of interests, unlike other subsections of § 522(d).

### IV.

#### *Discussion*

##### *A.*

 Resolution of the stated issue is resolved neither by the plain meaning rule nor

---

1. No other rulings dealing with the exact issue under consideration have been cited by the parties or located by the court.

by the precedential value of the holding of *In re Rhodes.* The language of § 522(d)(11)(D) is not plain, but ambiguous, as to whether it exempts single or multiple exemptions for bodily injury. A court, accordingly, should consider both the complete exemption scheme outlined in § 522(d), and the statute's legislative history. As the debtor points out, § 522(d), subsections (1), (3), (4), (5), (6) and (8), all contain a reference to the debtor's "aggregate interest" that may be exempted.[2] The placement of this restrictive language— aggregate interest—in other subsections of § 522(d) and the absence of such language in subsection (11) indicates a Congressional intent not to limit debtors to a single personal injury exemption for multiple accidents. *Cf. In re Cabrera*, 96 B.R. 304, 305 (Bankr. D.Mont.1988) (interpreting Montana exemption statute based upon Legislature's omission of phrase "in aggregate" from exemption provision, where that phrase appeared elsewhere in the same section).

This analysis is also supported by referring to the specific language of § 522(d)(2), which provides an exemption for "[t]he debtor's interest, not to exceed $1,200 in value, in *one* motor vehicle." (Emphasis added). Congress here demonstrated its intent both to place a dollar limit on the exemption and to permit only a single exemption of this type.

Legislative history partially illuminates this interpretation of § 522(d)(11)(D). The

Report of the Commission on Bankruptcy Laws of the United States, H.R. Doc. No. 93–137, 93rd Cong., 1st Sess. (1973) (Commission Report) includes a proposed list of federal exemptions, under which a debtor could exempt "(8) proceeds, benefits or other rights to which the debtor is entitled as a result of any personal injury or unemployment...." *Id.* § 4–503(c)(8). The Note following this provision explains that although other preceding clauses "contain limitations to specified aggregate values, ... the value of property exempted by clause[ ] ... (8) ... is not limited."

Congress subsequently modified the Commission Report exemptions to include dollar and other limitations, but the House Report contains nothing to indicate that the "aggregate values" distinction of the Commission Report was rejected.

> Paragraph (11) allows the debtor to exempt certain compensation for losses. These include ... compensation for bodily injury, not including pain and suffer ($10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) [sic] is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

2. The relevant parts of § 522(d) read as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) the debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

....

(3) The debtor's interest, not to exceed $200 in value in any particular item or $4,000 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor.

(4) The debtor's aggregate interest, not to exceed $500 in value, in jewelry held primar-

ily for the personal, family, or household use of the debtor or a dependent of the debtor.

(5) The debtor's aggregate interest in any property, not to exceed in value $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection.

(6) The debtor's aggregate interest, not to exceed $750 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

....

(8) The debtor's aggregate interest, not to exceed in value $4,000 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

[House Report No. 95–595, 95th Cong. 1st Sess. 361–62 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318].[3]

Taken together, the language of the entire exemption provision and the legislative history lead to the reasonable conclusion that Congress intended that a debtor may exempt the right to payment for any personal injury up to the statutory maximum ($7,500 in the version enacted) as long as the payment is made to compensate actual bodily injury.

### B.

The ruling in *Rhodes* is not apposite to § 522(d)(11)(D). As the quotation from the House Report explains, the § 522(d)(11)(D) exemption is solely for "actual bodily injury, such as the loss of a limb." It is, therefore, entirely rational for Congress to have contemplated that if a debtor lost one limb in one accident, and another limb in another accident, the debtor should not be limited to one exemption for both prepetition accidents. The Illinois statute interpreted in *Rhodes* did not exclude pain and suffering as a component of the exemption calculation, so that serious bodily injury akin to the loss of a limb was not the only condition for the debtor's entitlement to the exemption. It is true that some bankruptcy courts have concluded that the § 522(d)(11)(D) exemption should not be limited to permanent bodily injury, and, to maximize exemption benefits to debtors, these courts designate "physical discomfort and distress" as not being subsumed by the exclusionary phrase of "pain and suffering." *See, e.g., Ford Motor Credit Co. v. Territo (In re Territo),* 36 B.R. 667, 670 (Bankr.E.D.N.Y.1984). This court respectfully disagrees with these conclusions. *Cf. In re Howard,* 169 B.R. 77, 80 (Bankr.S.D.Ga. 1994) (Georgia exemption provision identical to § 522(d)(11)(D) means "that the $7,500 personal bodily injury section does not include medical expenses or loss of earnings, past or future, but does include loss of use of a limb or a part of the body to the extent that the evidence supports such a recovery").

### V.

*Conclusion*

For the foregoing reasons, the court concludes that § 522(d)(11)(D) does not limit the debtor, who sustained a separate permanent injury to his back in each of two automobile accidents, from seeking to exempt up to $7,500 for each such injury. The trustee's objection to the debtor's exemptions is, accordingly, overruled. It is

SO ORDERED.

---

**3.** The Senate Judiciary Committee's version of the new bankruptcy law did not contain a list of federal exemptions, but instead retained the use of state exemptions. *See In re Taff,* 10 B.R. 101, 106 (Bankr.D.Conn.1981).