**In re Mai Kathern JAMES, Debtor.**

**Unicor Mortgage, Inc., its Assignees and/or Successors in Interest, Movant,**

**v.**

**Mai Kathern James; Henry E. Hildebrand, III, Trustee, Respondents.**

**No. 398–06253.**

United States Bankruptcy Court, M.D. Tennessee.

Oct. 29, 1999.

Mark Podis, Nashville, TN, for the debtor.

Sharon Hawkins, Nashville, TN, for the Chapter 13 Trustee.

Robert Evans Lee, Lee & Lee P.C., Lebanon, TN, for Unicor Mortgage, Inc.

## MEMORANDUM & ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the motion for relief from stay filed by Unicor Mortgage, Inc. ("Unicor"). Unicor asserts that it is entitled to relief from the stay pursuant to § 362(d)(1) for cause because the debtor has incurred a substantial arrearage on her mortgage payments for her principal residence. The debtor contends that she will be able to cure the arrearage if she includes the payments within her chapter 13 plan. For the reasons more particularly described herein, the court must grant the stay relief request of Unicor.

Unicor holds a promissory note and deed of trust granting it a first lien on the debtor's property located at 375 Huntington Drive, Nashville, Tennessee. When the debtor confirmed her chapter 13 plan, she decided to pay her mortgage payments outside of her chapter 13 plan. Unicor was to be paid $750.96 monthly. Although some disagreement exists between the debtor and Unicor as to the amounts owed, it is uncontested that the debtor is *at least*

four months behind in the 1999 calendar year.

The debtor testified that she fell behind on her payments due to unforseen residential emergencies during the summer of 1999. She had to replace or repair her air conditioner, refrigerator, and dishwasher. Her parents, who had provided some financial support, fell ill and were unable to contribute to her income. Although her expenses increased during this time, her salary did not. The debtor explained that she used the money for her mortgage payments to make these repairs and thus fell behind on her payments.

The debtor posited that she would be able to cure the accumulated arrearage through her chapter 13 plan. Her salary has increased, and her expenses have normalized. While her ability to cure the arrearage through her plan might very well be plausible, no motion to modify her plan has been submitted to the court. The issue of the debtor's ability to cure the arrearage through the plan would have been most efficiently considered in conjunction with Unicor's stay relief motion, but the court cannot *sua sponte* modify the debtor's plan to include a mortgage arrearage that is being paid outside of the confirmed chapter 13 plan.

█ In fact, by excluding the mortgage payments from the plan, the debtor made it easier for Unicor to obtain relief from the stay. *See In re Evans,* 66 B.R. 506, 510 (Bankr.E.D.Pa.1986), *aff'd,* 77 B.R. 457 (E.D.Pa.1987) ("Exercising the option to treat a secured claim 'outside' the Plan will not prejudice the secured creditor, who will retain his security and his unmodified claim despite the bankruptcy filing, or exactly as if there had been no filing. Being dealt with "outside" the Plan may make it quite easy for the secured claimant to obtain relief from the automatic stay, and hence proceed exactly as if there had been no filing."); *see also* LAWRENCE P. KING COLLIER ON BANKRUPTCY ¶ 1325.06[1][b], at 1325–26 (15th ed. 1999) ("The holders of allowed secured claims not provided for by the plan may seek appropriate relief from

the automatic stay in furtherance of any contractual or other remedies available against the chapter 13 debtor or their collateral."). The effect of stay relief would most likely require the debtor to obtain alternate housing. While this is an unfortunate event, it is by no means uncommon within the context of chapter 13 for a debtor to change residential locations.

By the debtor's own testimony, she is at least four months behind on her payments to Unicor. She has had four insufficient funds checks to Unicor in the 1999 calendar year. Although she has testified that her income has increased, her plan payments do not include payment of her mortgage or her arrearage. The court must grant the creditor's request for stay relief

Most distressing is what could have been done to prevent this situation. In July, the debtor filed a motion to suspend her chapter 13 plan payments in order to help her catch up on her expenses and mortgage. The motion was objected to by the trustee because the plan would exceed sixty (60) months in length unless the debtor made a minimal modification to her plan to increase her bi-weekly deduction from $170 to $174. The debtor and her attorney did not appear at the hearing. The request for suspension was denied in the absence of counsel to prosecute the matter.

A plan modification motion could have sought to include the entire mortgage and the arrearage in the plan. Had that motion been pending before the court, the court might have had some basis to afford this debtor a further opportunity to successfully complete her chapter 13 plan. However, the only matter before the court is Unicor's stay relief request, and the court finds "cause" to grant the relief.

Accordingly, the court grants Unicor's motion for relief from the stay.

It is, THEREFORE, so ordered.