**In re Abby M. LAWTON, Debtor.**

**No. 04–35769(ASD).**

United States Bankruptcy Court, D. Connecticut.

March 3, 2005.

Zenas Zelotes, New London, CT, for Debtor.

## MEMORANDUM RULING AND ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALBERT S. DABROWSKI, Chief Judge.

### I. INTRODUCTION

The instant contested matter presents a question of the scope of the exemption for "personal bodily injury" provided by Section 522(d)(11)(D) of the Bankruptcy Code. The specific issue raised by the parties is whether the compensation exempted by Section 522(d)(11)(D) need relate to bodily injuries which are permanent in nature. For the reasons which follow, this Court determines that Section 522(d)(11)(D) does not include a permanency component.

### II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine the matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(B).

### III. BACKGROUND

The Debtor commenced her pending Chapter 7 bankruptcy case through the filing of a voluntary petition on December 16, 2004. Roberta Napolitano (hereafter, the "Trustee") was appointed trustee of the resulting bankruptcy estate, and a meeting of creditors was scheduled for January 11, 2005. In Schedule B accompanying her Petition, the Debtor disclosed a property interest described as follows: "Pending Personal Injury Claim Lawton vs. Progressive Insurance ..." (hereafter, the "Personal Injury Claim"),[1] and ascribed to it an "unknown" value. On Schedule C she asserts certain exemption interests in the Personal Injury Claim, namely: (i) under Bankruptcy Code Section 522(d)(5)—$8,715.00; and (ii) under Bankruptcy Code Section 522(d)(11)(D)—$18,450.00.

On January 3, 2005, the Trustee filed an objection to the Debtor's claim of exemption in the Personal Injury Claim (Doc. I.D. No. 6) (hereafter, the "Trustee's Objection"), and eventually filed a memorandum in support thereof (Doc. I.D. No. 12). The Debtor filed a memorandum in opposition to the Trustee's Objection (Doc. I.D. No. 10). This contested matter was the subject of a non-evidentiary hearing before this Court on February 9, 2005.

### IV. DISCUSSION

The Trustee's Objection is limited in scope. First of all, it is directed only against the Debtor's claim of exemption under Section 522(d)(11)(D).[2] Second, it is premised primarily upon the Trustee's assertion that Section 522(d)(11)(D) provides an exemption only for the Debtor's right to receive a payment on account of *"permanent" bodily injuries,* of which the Debtor allegedly has none. In response, the Debtor argues that Section 522(d)(11)(D) was intended to cover more than "permanent" injuries, although she does not state the nature of her injuries which she asserts to be within the scope of the exemption.

In exemption matters of this nature the Trustee bears the ultimate burden of proof. Fed. R. Bankr.P. 4003(c) (2004).

---

**1.** The Debtor's Statement of Financial Affairs discloses that the Personal Injury Claim is pending in the "New Haven Judicial District" as "Docket: CV–04–4002360–S".

**2.** The Trustee has not asserted an objection to the exemption claim under Section 522(d)(5).

The nature and scope of a bankruptcy debtor's entitlement to exempt property is governed by Section 522 of the Bankruptcy Code. With relevance to the instant matter, Section 522 provides in relevant part as follows:

\* \* \* \* \* \*

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is—

(1) property that is specified under subsection (d) of this section ... or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than Subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place ....

\* \* \* \* \* \*

(d) The following property may be exempted under subsection (b)(1) of this section:

\* \* \* \* \* \*

(11) The debtor's right to receive, or property that is traceable to—

\* \* \* \* \* \*

(D) a payment, not to exceed $18,450, *on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss,* of the debtor or an individ-

ual of whom the debtor is a dependent ....

11 U.S.C. § 522 (2004) (emphasis supplied). The Debtor here elected the "bankruptcy" exemption scheme under Section 522(b)(1) and (d), rather than the "non-bankruptcy" exemption scheme under Section 522(b)(2), presumably because she does not have a homestead to exempt.[3]

As framed by the parties, the threshold issue in this matter is whether the "personal bodily injuries" referred to in Section 522(d)(11)(D) include an aspect of permanency. In arguing for a reading of Section 522(d)(11)(D) which requires permanency, the Trustee urges this Court to align itself with the opinion of fellow Connecticut Bankruptcy Judge Robert L. Krechevsky, as articulated in *In re Marcus,* 172 B.R. 502 (Bankr.D.Conn.1994). However, the language of *Marcus* relied upon by the Trustee is plainly *dictum.* The question for decision in *Marcus* was whether a debtor could "stack" the exemption provided by Section 522(d)(11)(D) in the event of multiple bodily injuries. In distinguishing a seemingly similarly-postured case—*In re Rhodes,* 147 B.R. 443 (Bankr.N.D.Ill. 1992)—Judge Krechevsky had occasion to discuss the nature of injury covered by Section 522(d)(11)(D). He opined as follows:

It is true that some bankruptcy courts have concluded that the § 522(d)(11)(D) exemption should not be limited to permanent bodily injury, and, to maximize exemption benefits to debtors, these courts designate "physical discomfort and distress" as not being subsumed by the exclusionary phrase "pain and suffering." .... This court respectfully disagrees with these conclusions.

---

**3.** Generally speaking, in Connecticut the "bankruptcy" exemption scheme is more advantageous for non-homeowners.

172 B.R. at 505. Although within this passage Judge Krechevsky uses the term "permanent" to modify "bodily injury", his point there had little, if any, relation to permanency, but rather, focused upon the scope of the exclusionary phrase, "pain and suffering".[4] And it is far from certain in this Court's mind that Judge Krechevsky would require permanency as an element of a bodily injury exemption if he were to consider it directly. Consequently, this Court can, and does, determine whether bodily injuries under Section 522(d)(11)(D) must be "permanent" to be exempt, without necessarily doing violence to decisional harmony within the District of Connecticut.

Although Section 522(d)(11)(D) is not a model of clarity with respect to the full range of exemptible injury compensation intended by Congress,[5] with respect to the question at bar the statute is clear on its face. There is a conspicuous absence of the term "permanent" or any of its synonyms. Nor does the relevant legislative history supply a basis for an inference of permanency. The Report of the House Committee on the Judiciary, states that the Section 522(d)(11)(D) exemption—

> is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payment, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

H.R.Rep. No. 95-595, 95 Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.C.C.A.N.

5963, 6318 (hereafter, the "House Report"). While the example of bodily injury selected by the drafters of the House Report is indeed a permanent injury—*i.e.* dismemberment—their use of the introductory phrase, "such as . . .", plainly signals that dismemberment is simply an example; it does not constitute the universe of exemptible bodily injuries.

Accordingly, this Court concludes that a "personal bodily injury" embraced by Section 522(d)(11)(D) need not be *permanent* to be exemptible. Other courts have drawn this conclusion under similar circumstances. *In re Barner*, 239 B.R. 139, 145 (Bankr.W.D.Ky.1999) (construing parallel Kentucky statute); *Ciotta*, 222 B.R. at 631–32 (construing parallel California statute).

## IV. CONCLUSION & ORDER SCHEDULING FURTHER PROCEEDINGS

In light of the foregoing, the Trustee's Objection is **OVERRULED with respect to the issue of permanency.** Nonetheless, given the state of the record before this Court,

**IT IS HEREBY ORDERED** that if the Debtor continues to claim an exemption under Section 522(d)(11)(D), she shall file, and serve upon the Trustee, **on or before March 25, 2005,** (i) a copy of the Complaint, and Amended Complaint(s), if any, through which she has prosecuted the Personal Injury Claim, and (ii) a *Statement Supplementing Claim of Exemption Under Bankruptcy Code Section*

---

**4.** In this respect, this Court agrees with Judge Krechevsky's opinion that "physical discomfort and distress" are akin to "pain and suffering", and thus outside the intended scope of Section 522(d)(11)(D).

**5.** It is a fair and somewhat troubling exercise to attempt to determine what, if any, bodily

injuries are actually embraced by Section 522(d)(11)(D). Query whether a loss of use or function unrelated to one's ability to earn an income might qualify? However, for purposes of the instant Ruling it is unnecessary for the Court to fully resolve that question.

*522(d)(11)(D)* (hereafter, the "Supplementing Statement"), subscribed under oath, and *describing with particularity* the "personal bodily injury" claimed as a basis for exemption, and

**IT IS FURTHER ORDERED** that in the event of a failure of the Debtor to submit the Supplementing Statement and documentation as described in the immediately-preceding decretal paragraph, an Order may enter, without further notice, denying the Debtor's claim of exemption under Section 522(d)(11)(D); and

**IT IS FURTHER ORDERED** that **on or after March 26, 2005, but not later than April 8, 2005,** the Trustee may file with the Court, and serve upon the Debtor, a *Supplemental Objection to Claim* accompanied by a *Memorandum of Law in Support of Supplemental Objection to Claim* (hereafter, collectively, the "Supplemental Objection"), responding to any timely Supplementing Statement filed by the Debtor; and

**IT IS FURTHER ORDERED** that in the event of the Trustee's timely filing of a Supplemental Objection, the Debtor may file and serve a *Response to Supplemental Objection* **on or before April 15, 2005;** and

**IT IS FURTHER ORDERED** that a hearing shall be held upon any Supplemental Objection on **Wednesday, April 20, 2005, at 10:00 a.m.** at the United States Bankruptcy Court for the District of Connecticut, Connecticut Financial Center, 157 Church Street (18th Floor), New Haven, Connecticut.