(No. 42164.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM THOMAS, Appellant.

*Opinion filed March 24, 1970.*

PETER C. JOHN, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL SCOTT CISNEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

This is an appeal by defendant, William Thomas, from an order of the circuit court of Cook County dismissing a petition seeking relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) The single issue presented is the recurring problem of the application of the statutory limitations for the filing of petitions under the Act.

Pertinent facts show that defendant, on June 18, 1959, pleaded guilty in the circuit court to crimes of selling and possessing narcotics, and was sentenced to two concurrent terms in the penitentiary. At that time the Post-Conviction Hearing Act provided: "No proceeding under this Act shall be commenced more than five years after rendition of final judgment, or more than three years after the effective date of this act, whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat. 1957, ch. 38, par. 826.) Six days after being sentenced in the circuit court, defendant was confined in a Federal prison under a Federal conviction. After three and one-half years, or in November, 1962, he was released and started serving the sentences imposed by the circuit court. At the time, the provision of the Post-Conviction Hearing Act quoted above was still in full force and effect. (Ill. Rev. Stat. 1961, ch. 38, par. 826.) On June 13, 1968, approximately nine years after sentence had been imposed in the circuit court and in excess of five years after his release from Federal prison, defendant filed the post-conviction petition at issue in this appeal. At that time, due to an amendment enacted in 1965, the limitation provision of the post-conviction act provided: "No proceedings under this Article shall be commenced more than 20 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat. 1967, ch. 38, par. 122—1.) It is defendant's contention that the 20-year period of limitation applies, whereas it is contended by the People that

the 5-year period, in effect when sentences were imposed, controls.

For the most part, the facts here are quite similar to those which confronted us in *People* v. *Reed,* 42 Ill.2d 169. In that case Reed was convicted and sentenced on July 15, 1958, when the limitation period was five years, and filed a post-conviction petition on July 13, 1967, when, as a result of the 1965 amendment, the period had been increased to 20 years. And in affirming an order which had dismissed the petition, we held that the five-year period in effect when final judgment was rendered was the applicable limitation, that such 5-year period had expired when the petition was filed, and that the 1965 amendment neither revived the expired right to proceed under the act nor created a new right in Reed to do so. In short, we held that the 1965 amendment could not be given retroactive effect under the circumstances presented.

Recognizing that *Reed* is determinative, defendant asks that we reconsider its holding in light of his contentions that a legislative intent for the retroactive application of the 20-year limitation period is found in the language and history of the statute. Based principally upon the language of the initial sentence of section 122—1 which, as amended in 1965, provided: *"Any person* imprisoned in the penitentiary * * * may institute a proceeding under this Article" (emphasis defendant's; Ill. Rev. Stat. 1965, ch. 38, par. 122—1), defendant, by two different approaches we deem unnecessary to detail, contends it was the legislative intent that post-conviction procedure was to be available to all persons incarcerated in the penitentiary regardless of the dates of their convictions, provided only that the proceeding be initiated sometime within a 20-year period of incarceration. Or, viewed from another perspective, defendant sees the 20-year limitation subsequently provided for in the section as relating to the opening sentence of the section rather than to the language immediately preceding the limitation.

However, the entire section must be read to ascertain the legislative intent. What is more, it is a basic canon of statutory construction that relative or qualifying words, phrases or clauses are to be applied to the words or phrases immediately preceding, and not as extending to or including other words, phrases or clauses more remote, unless the intent of the legislature disclosed by the context and a reading of the entire statute requires such extension or inclusion. *Stevens* v. *Illinois Central R.R. Co.*, 306 Ill. 370; 34 I.L.P., Statutes, § 120.

As amended in 1965, section 122—1, in its entirety, provided as follows: "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article. The proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) verified by affidavit. Petitioner shall also serve another copy upon the State's Attorney by any of the methods provided in Rule 7 of the Supreme Court. The clerk shall docket the petition upon his receipt thereof and bring the same promptly to the attention of the court. No proceedings under this Article shall be commenced more than 20 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat. 1965, ch. 38, par. 122—1.) From the language employed and the manner of employment, it is clear that the provision for a 20-year period of limitation was intended to relate only to the commencement of a post-conviction proceeding, and was not intended to relate back or have reference to the language which established the persons eligible to avail themselves of the remedy. Furthermore, in both the 1965 amendment and prior thereto, the legislature, in plain and unambiguous terms, has consistently conditioned the

commencement of a post-conviction proceeding upon the filing of a petition within a limitation period measured, not from the date of incarceration in the penitentiary, but from the date of rendition of final judgment. (See: *People* v. *Rose,* 43 Ill.2d 273.) Having thus specifically provided, the legislature could not have intended to relate the period of limitation to the period of imprisonment as defendant contends.

Similarly, and so far as the defendant here is concerned, we find no merit to the contention that a legislative intent to give the 20-year period retroactive effect can be derived from the benevolent and remedial purpose of the Post-Conviction Hearing Act. (See: *People* v. *Wakat,* 415 Ill. 610, 615.) Quoting from 67 A.L.R. 297, 298, we stated in *People* v. *Lansing,* 35 Ill.2d 247, 250: "In most jurisdictions the general rule is laid down, without exception or qualification, that, after an action has become barred by an existing Statute of Limitations, no subsequent legislation will remove the bar or revive the cause of action." Here, final judgment had been rendered against defendant on June 18, 1959, and thus the 5-year period of limitation then imposed by the Post-Conviction Hearing Act had expired when the 1965 amendment was enacted. Inasmuch as the legislature could not have revived the action, we are not at liberty to ourselves fathom a revival out of the broad purposes of the act. *People ex rel. Kubala* v. *Kinney,* 25 Ill.2d 491, upon which defendant relies, is inapposite. The interrelated problem of limitation and the revival of an action was not involved.

In a further effort to avoid the impact of *Reed,* defendant seeks to rely upon the circumstance that although the final judgments were rendered against him by the Illinois court in June, 1959, he did not start to serve the sentences imposed until November, 1962, due to the fact that he was confined in a Federal prison during the intervening period. Because section 122—1 has at all times spoken in terms

that it was intended to provide a remedy for persons "imprisoned in the penitentiary," defendant reasons, in sequence, that he had no "standing" to initiate a post-conviction petition while confined in a Federal prison; that the 5-year period of limitation did not therefore start to run until November, 1962; that the 1965 amendment did not therefore revive an expired right or cause of action, but instead enlarged an existing right making the 20-year period applicable; and that his petition filed June 13, 1968, was therefore timely. In our opinion, however, the basic premise that he lacked standing to initiate a post-conviction proceeding while confined in a Federal prison, thus tolling the limitation period, is a false one.

A comparable problem arose in *People* v. *Dale,* 406 Ill. 238, where the contention was made that the Act, by its terms, could not apply to one who is convicted of murder and awaiting execution in the Cook County jail. Rejecting this narrow construction, we said at page 247 : "Such person would be within the class of serious offenders which the statute was designed to protect. He would be well within the spirit of the act if not within the letter thereof. A thing within the intention of an act is regarded as within the statute although not within the letter thereof." Since the thrust of the Post-Conviction Act is to provide a remedy to inquire into the denial of constitutional rights in proceedings which have resulted in "conviction," we think this language has equal application in the present case. (*Cf. People* v. *Davis,* 39 Ill.2d 325.) While it is true that a favorable State post-conviction hearing could not have terminated defendant's confinement in a Federal prison, it could nevertheless have precluded him from serving in the State penitentiary the terms imposed as the result of his convictions. The Act provides simple procedures for a defendant to initiate a petition for post-conviction relief, and there is no suggestion in the record that confinement in the Federal prison either prevented defendant from availing himself of such

procedure, or so hampered him as to make his delay excusable. We therefore hold that the period of limitation was not tolled during the period of confinement in the Federal prison, and that defendant's right to file a petition expired on June 18, 1964, five years after final judgment had been rendered against him.

The judgment of the circuit court dismissing defendant's petition was correct and is affirmed.

*Judgment affirmed.*