**In re Henry D. RHODES, Roxann Rhodes, Debtors.**

**Bankruptcy No. 92 B 00113.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 18, 1992.

David E. Grochocinski, Carleen Cignetto, Palos Heights, Ill., for debtors.

Brenda Helms, Chicago, Ill., trustee.

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Bankruptcy Judge.

This Chapter 7 case presents the Court with an issue involving the interpretation of the Illinois personal property exemption statute. Henry and Roxann Rhodes (the "debtors") have jointly claimed four exemptions, each in the amount of $7500, for payments received or to be received on the account of their personal bodily injuries. The Trustee of their estates has objected to their exemption claims on the grounds that each debtor is entitled to only one exemption in the amount of $7500 for such payments. For the reasons stated below, the Court sustains the Trustee's objection.

### Findings of Fact

The relevant facts are undisputed. Each debtor was domiciled in Illinois for the 180 days preceding the date when they filed their petition pursuant to Section 302 of Title 11 of the United States Code (the "Bankruptcy Code"). Before they commenced this Chapter 7 case, the debtors suffered personal bodily injuries arising from four separate incidents, two involving Henry Rhodes and two involving Roxann Rhodes. In their schedules, the debtors jointly claimed four exemptions, each in the amount of $7500, for payments received or to be received on account of their injuries. The debtors based their exemption claims on Ill.Rev.Stat. ch. 110, para. 12–1001(h)(4) (1991). On April 2, 1992, the Trustee of their estates, Brenda Helms, objected to their exemption claims on the ground that each debtor was only entitled to only one exemption in the amount of $7500 for personal injury payments.

### Jurisdiction

This Court has jurisdiction to hear this contested matter pursuant to 28 U.S.C. § 1334(a–b), 28 U.S.C. § 157(a), (b)(1–2), and General Rule 2.33 of the United States District Court for the Northern District of Illinois. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A, B, O).

### Discussion

■ The dispute here arises against the following legal background. When commenced, a case creates an estate, which consists of all legal and equitable interests of a debtor. 11 U.S.C. § 541(a)(1) (1988). One of the property interests that a debtor may have is a cause of action arising from a personal bodily injury. *See, e.g., Nolan v. Johns Manville Asbestos*, 85 Ill.2d 161, 166–72, 52 Ill.Dec. 1, 3–6, 421 N.E.2d 864, 866–69 (1981); *Williams v. Brown Mfg. Co., Inc.*, 45 Ill.2d 418, 431–32, 261 N.E.2d 305, 312–13 (1970). Because this is a joint case, there are two estates, and each includes personal injury actions. *See* 11 U.S.C. § 302(b) (1988).

Notwithstanding Section 541, Section 522 of the Bankruptcy Code permits a debtor the right to elect to exempt certain property from the estate. *In re Smith*, 640 F.2d 888, 890 (7th Cir.1981) ("Section 522 allows the debtor to recover through exemptions some of that property which has become the estate."); 11 U.S.C. § 522(b) (1988); S.Rep. No. 989, 95th Cong., 2d Sess. 75–76 (1978) ("Under proposed section 541, all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property of the estate under [Section 522(b)]."); H.R.Rep. No. 595, 95th Cong., 1st Sess. 360 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5861, 6316.

Under Section 522(b)(1) a debtor may elect to exempt from the estate the property set forth in Section 522(d) of the Bankruptcy Code unless the law of the state in which the debtor has had a domicile for the greater portion of the 180 days preceding the filing of the bankruptcy petition expressly prohibits such an election. 11 U.S.C. § 522(b)(1) (1988). Illinois has prohibited such an election.[1] Thus, the debtors here may only exempt the property set

---

1. On January 1, 1981, Illinois exercised its right under Section 522(b)(1) of the Bankruptcy Code to prohibit its residents from using the exemption scheme set forth in Section 522(d). *In re Sullivan*, 680 F.2d 1131, 1133–37 (7th Cir.1982) (interpreting and validating the statute currently codified as Ill.Rev.Stat. ch. 110, para. 12–1201 (1991)); Ill.Rev.Stat. ch. 110, para. 12–1201 (1991).

forth under Illinois law. *In re Sullivan*, 680 F.2d 1131, 1132–38 (7th Cir.), *cert. denied*, 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982); *In re Peacock*, 119 B.R. 605, 607 (Bankr.N.D.Ill.1990), *aff'd*, 125 B.R. 526 (N.D.Ill.1991) ("Illinois has opted out [of the federal exemption scheme set forth under Section 522(d)] and thus residents of that state are confined to Illinois exemptions."); Ill.Rev.Stat. ch. 110, para. 12–1201 (1991).[2]

Accordingly, the exemptions claimed by the debtors with respect to their personal injuries arise under Illinois law, and, to resolve the trustee's objection, the Court must interpret that law. *See In re Barker*, 768 F.2d 191 (7th Cir.1985) (court analyzes validity of asserted exemption by interpreting Illinois personal property exemption law); *In re Herman*, 120 B.R. 127, 129 (9th Cir. BAP 1990) ("When ... a state has opted out of the exemption scheme set forth in Section 522(d), the extent to which property is exempt is controlled by state law....").

The Illinois law relevant here is Ill.Rev. Stat. ch. 110, para. 12–1001 (1991) (the "Illinois personal property exemption law"), a section of the Illinois Code of Civil Procedure. Paragraph (h)(4) of this law grants each debtor the right to exempt "[t]he debtor's right to receive, or property that is traceable to, ... a payment, not to exceed $7500 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent." Ill. Rev.Stat. ch. 110, para. 12–1001(h)(4) (1988). The debtors ask the Court to interpret the law to exempt the debtor's right to receive, or property that is traceable to, a payment, not to exceed $7500 in value, on account of *each* incident of personal bodily injury of the debtor or an individual of whom the debtor was a dependent (i.e., the debtors seek to exempt all payments on account of personal bodily injuries with a limit of $7500 *per incident*). The Trustee's objection asserts that each debtor merits only one $7500 exemption on account of

*all* personal bodily injuries of the debtor or an individual of whom the debtor was a dependent (*i.e.*, the debtors may exempt all payments on account of personal bodily injuries with a limit of $7500 *per debtor*).

To resolve this dispute, the Court must interpret paragraph (h)(4) of the Illinois personal property exemption law pursuant to the rules of construction employed by the Illinois Supreme Court. *See Barker*, 768 F.2d at 194–96 (Seventh Circuit construes Illinois personal property exemption law in accordance with intrinsic and extrinsic aids set forth by Illinois Supreme Court). In Illinois, the primary goal of statutory construction is to ascertain and effectuate the legislature's intent. *Barker*, 768 F.2d at 194 (citing *In re Marriage of Logston*, 103 Ill.2d 266, 277, 82 Ill.Dec. 633, 637, 469 N.E.2d 167, 171 (1984)); *Daley v. Datacom Systems Corp.*, 146 Ill.2d 1, 14, 165 Ill.Dec. 655, 660, 585 N.E.2d 51, 56–57 (1991); *Kraft, Inc. v. Edgar*, 138 Ill.2d 178, 189, 561 N.E.2d 656, 661 (1990). To find that intent, the court starts with the statute's language. *Barker*, 768 F.2d at 194 ("In construing a statute, a court should first examine the statutory language itself.") (citing *Logston*, 103 Ill.2d at 277, 82 Ill.Dec. at 637, 469 N.E.2d at 171). However, the disputed text is only the starting point. In arriving at the meaning of statutory language, the court can consider a number of canons of construction, several of which are pertinent here:

1. The consideration of the entire statute. *Castaneda v. Illinois Human Rights Commission*, 132 Ill.2d 304, 318, 138 Ill. Dec. 270, 276–77, 547 N.E.2d 437, 443–44 (1989) ("[A] statute must be determined by examining the *entire* statute and by construing each material part of the legislation together. A court should consider each part or section of a legislative act in connection with every other part or section, and not each part alone, in determining the purpose or intent of the legislature.") (emphasis in original); *accord Antunes v. So-*

---

**2.** Section 522(b)(2) actually allows the debtors to exempt any property set forth under any federal law, other than Section 522(d) of the Bankruptcy Code. *See In re Smith*, 640 F.2d 888, 890 (7th Cir.1981). However, no such federal exemptions have been asserted here by the debtors.

*okhakitch,* 146 Ill.2d 477, 484, 167 Ill.Dec. 981, 984, 588 N.E.2d 1111, 1114 (1992); *Daley,* 146 Ill.2d at 14, 165 Ill.Dec. at 660, 585 N.E.2d at 56–57; *Kraft,* 138 Ill.2d at 189, 561 N.E.2d at 661.

2. The last antecedent doctrine. *Mount Carmel v. Partee,* 74 Ill.2d 371, 375, 24 Ill.Dec. 546, 547–48, 385 N.E.2d 687, 688–89 (1979); *People v. Thomas,* 45 Ill.2d 68, 72, 256 N.E.2d 794, 796 (1970) ("[R]elative or qualifying words, phrases or clauses are to be applied to the words or phrases immediately preceding, and not as extending to or including other words, phrases or clauses more remote, unless the intent of the legislature disclosed by the context and reading of the entire statute requires such an extension or inclusion."); *Stevens v. Illinois Central R. Co.,* 306 Ill. 370, 373, 137 N.E. 859, 861 (1922).

3. The presumption for statutory consistency. *Moran v. Katsinas,* 16 Ill.2d 169, 174, 157 N.E.2d 38, 40 (1959) ("In construing a statute where the same, or substantially the same, words or phrases appear in different parts of the same statute they will be given a generally accepted and consistent meaning, where the legislative intent is not clearly expressed to the contrary."); *People v. Lutz,* 73 Ill.2d 204, 212, 22 Ill.Dec. 695, 698, 383 N.E.2d 171, 174 (1978) (same: quoting *Moran* ); *Mirabella v. Retirement Board of the County Employees' Annuity and Benefit Fund,* 198 Ill.App.3d 971, 974, 145 Ill.Dec. 68, 70, 556 N.E.2d 686, 688 (1st Dist.1990); and

4. The presumption against absurdity and injustice. *Antunes,* 146 Ill.2d at 486, 167 Ill.Dec. at 985, 588 N.E.2d at 1115 ("Statutes should be construed as to give them a reasonable meaning and in the most beneficial way to prevent absurdity or hardship."); *Loyola Academy v. S & S Roof Maintenance, Inc.,* 146 Ill.2d 263, 273, 166 Ill.Dec. 882, 887, 586 N.E.2d 1211, 1216 (1992) ("We will not make any determination that will construe an act of the legislature to so as to lead to absurd, inconvenient or unjust consequences."); *Scott v. Freeport Motor Casualty Co.,* 379 Ill. 155, 162, 39 N.E.2d 999, 1003 (1942).

If the statute's language is unambiguous, the court cannot resort to extrinsic aids in construing the statutory language and must enforce a constitutionally valid statute as enacted. *Barker,* 768 F.2d at 194–95 (citing *Logston,* 103 Ill.2d at 277, 82 Ill.Dec. at 637, 469 N.E.2d at 171); *County of Du Page v. Graham, Anderson, Probst & White, Inc.,* 109 Ill.2d 143, 151, 92 Ill.Dec. 833, 836, 485 N.E.2d 1076, 1079 (1985) ("Where [the statute's] language is unambiguous, a court must enforce the law as enacted without considering other aids.").

With these canons of statutory construction in mind, the possible interpretations of the Illinois personal property exemption law at issue here can be addressed. The debtors' construction of paragraph (h)(4)—that it accords a $7500 exemption for each incident of personal injury suffered by a debtor—fails on several grounds. First, the plain language of the paragraph does not support this construction. What is exempted is "[t]he debtor's right to receive, or property that is traceable to … a payment on account of personal bodily injury." This language plainly exempts (1) the debtor's right to receive payment of a particular type and (2) property that is traceable to such a payment. The nature of the payment is specified by the phrase "on account of personal bodily injury." Paragraph (h)(4) contains no language relating to the number of personal injuries. Accordingly, the statutory language, on its face, offers no support for an exemption that varies in amount depending on the number of personal injuries affecting a debtor.

Next, the statutory scheme as a whole contradicts the debtor's construction. The Illinois personal property exemption law operates by listing particular types of property as exempt. Ill.Rev.Stat. ch. 110, para. 12–1001(a)–(h) (1991). The exempted property in nearly every paragraph of the statute is distinguished from nonexempt property only by its nature, not by its number. *Id.* The one exception to this rule is in paragraph (b), where the statute unambiguously refers to the debtor's interest in "any one motor vehicle." There is no language

of numerical limitation in paragraph (h)(4). Accordingly, the phrase "on account of personal bodily injury" again must be seen as defining the nature of the payment that is exempt and not the number of injuries.

Finally, the presumption against absurdity and injustice defeats the debtors' interpretation. The debtors' reading requires disparate treatment for similarly situated debtors. If one person has suffered injuries compensable to the extent of $75,000 arising out of a single incident, the debtors' reading of the statute would provide an exemption of $7,500 to that person. Yet if another person has suffered precisely the same injuries, arising equally out of ten separate incidents, then the debtors' reading of the statute would provide an exemption of $75,000. The number of incidents, however, has no bearing whatever on the debtor's need for funds. The debtors' reading thus lacks a reasonable basis, and would result in injustice.

The trustee's reading or paragraph (h)(4)—limiting exemptions on account of personal injuries to $7500 per debtor—is not without difficulty, but it is the best reading of the statute. The difficulty is with the location of the phrase "not to exceed $7500." The "last antecedent doctrine" would generally require that this phrase modify the word "payment." This would result in a statute that exempted any number of payments on account of a personal bodily injury, as long as each payment did not exceed $7500. However, the last antecedent doctrine has an exception; it is not to be applied when "the intent of the legislature disclosed by the context and reading of the entire statute" requires a different reading. *Thomas*, 45 Ill.2d at 72, 256 N.E.2d at 796. The context of paragraph (h)(4) and a reading of the entire statute indicate that the limitation of $7500 relates to the "right to receive property or property that is traceable to" any payment on account of personal bodily injury, thus supporting the trustee's reading.

The Illinois personal property exemption law, as a whole, operates by identifying the debtor's exemptible personal property in an exhaustive list. Ill.Rev.Stat. ch. 110, para. 12–1001(a–h) (1991). Within this list, it imposes limits according to the value of the exempt personal property. Some personal property is exempt regardless of its value. Ill.Rev.Stat. ch. 110, para. 12–1001(a), (e), (f), (g)(1)–(3), and (h)(1)) (1991). Other personal property is exempt only to the extent that the property's value is reasonably necessary for the support of the debtor and his or her dependents. Ill.Rev.Stat. ch. 110, para. 12–1001(g)(4), (h)(2)–(3) (1991). The remaining property is exempt subject to a value limitation. Ill.Rev.Stat. ch. 110, para. 12–1001(b), (c), (d) (1991). In light of this scheme, the clause "not to exceed $7500 in value" should be read as modifying the debtor's personal property. *Harvel v. Johnston City*, 146 Ill.2d 277, 283, 166 Ill. Dec. 888, 891, 586 N.E.2d 1217, 1220 (1992) ("This court will presume that the legislature had a definite purpose in enacting the statute and drafted the statute so that each part would be in harmony with that purpose. From this presumption proceeds the rule that the general purpose of the whole act shall control and all the parts shall be interpreted consistently with this purpose.").

In parallel to each of the other the exemption paragraphs, the personal property dealt with by paragraph (h)(4) is the debtor's right to receive payment on account of personal bodily injury and any property traceable to such a payment. No provision of the Illinois personal property exemption law exempts, much less identifies, a "payment" as the debtor's personal property. *See* Ill.Rev.Stat. Ch. 110, para. 12–1001(a–h) (1991).

Finally, a limitation applied to payments would again produce an absurd result. A person with an injury compensable in the amount of $75,000 would receive a $7,500 exemption if there were only one payment, but would receive a $75,000 exemption if there were ten equal payments. As with the debtors' reading, there is no reasonable basis for such a result.

In light of the preceding analysis, paragraph (h)(4)'s clause "not to exceed $7500 in value" modifies all personal property of the type specified by the paragraph: the

debtors right to receive payment on account of personal bodily injury and property traceable to such payment. In the present case, each debtor may have personal property of the type governed by paragraph (h)(4) in amount greater than $7,500, but each debtor is limited by the statute to an exemption on account of personal injury payments in that amount.

### Conclusion

For the foregoing reasons, the Trustee's objection is sustained. An order will be entered in conformity with this decision.