LYNCH, Circuit Judge.
The question presented is whether a debtor under Chapter 7 of the Bankruptcy Code may claim more than $15,000 in exemption for payment received on account of personal bodily injury under 11 U.S.C. § 522(d)(ll)(D). We hold that a debtor may not.
Lee C. Christo filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on January 22, 1997. In her Schedule C, she claimed three exemptions for three personal injury claims stemming from three separate pre-petition accidents. Christo’s personal injury claims had not yet been settled; she sought potential exemptions of $15,000 for each of the three personal injury claims, for a total potential exemption of $45,000. The trustee filed a “Limited Objection to Claim of Exemption” with respect to the three tort claims on the grounds that no value was listed. The bankruptcy court sustained the objection, continued the matter generally, and directed Christo to file amended schedules of exemptions. Chris-to then filed a “Motion for Determination of Validity of Exemptions and Consequent Denial of Trustee’s Limited Objection to Claims of Exemption.” In response, the trustee argued that, under 11 U.S.C. § 522(d)(ll)(D), Christo was entitled only to a total exemption of $15,000 for all her personal injury claims. The Bankruptcy Court found for the trustee, and the Bankruptcy Appellate Panel (BAP) affirmed. See In re Christo, 228 B.R. 48, 53 (1st Cir. BAP 1999).
The interpretation of § 522(d)(ll)(D) of the Bankruptcy Code is a legal question, which we review de novo. See In re Lamanna, 153 F.3d 1, 3 (1st Cir.1998). Section 522(d)(11)(D) of the Code states:
(d) The following property may be exempted under subsection (b)(1) of this section: ... (11) The debtor’s right to receive, or property that is traceable to — ... (D) a payment, not to exceed $15,000, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent....
11 U.S.C. § 522(d)(11)(D).[1]
Christo, relying on the arguments set forth in In re Marcus, 172 B.R. 502 (Bankr.D.Conn.1994), contends that a *38 debtor is entitled, under § 522(d)(ll)(D), to multiple exemptions for personal injury-judgments or settlements. See also In re Anderson, 932 P.2d 1110, 1113-14 (Okla.1996) (relying on Marcus to interpret an analogous provision of the Oklahoma Code). She argues that § 522(d)(ll)(D) is not plain on its face and, thus, should be interpreted within the context of the entire exemption scheme of § 522(d) and the legislative history of the statute. That scheme and history, she argues, support a reading that permits as many $15,000 exemptions as there are personal injury claims. She notes that exemptions allowed under subsections (1), (3), (4), (5), (6), and (8) of § 522(d) all refer to the “aggregate” interest that may be exempted, while subsection (11) does not. When Congress intended to specify a limit to the total number of exemptions under a specific category, she concludes, it made its view clear. Congress made no such specification in subsection (11)(D) and, therefore, none can be presumed. Christo also points to a note to the precursor provision to § 522(d)(ll)(D) in the Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93-137, 93rd Cong., 1st Sess. (1973), which states that the value of personal injury exemptions “is not limited.” Since the House Report on the final bill did not explicitly reject this note, she contends that we should adopt the Commission Report’s view in our interpretation of the statute. Finally, she points to the policy of liberally construing exemptions in favor of the debtor.
The trustee, espousing the view taken in In re Rhodes, 147 B.R. 443, 444-45 (Bankr.N.D.Ill.1992) (interpreting an analogous provision of the Illinois Code), argues that the language of the statute is clear, the statutory scheme contradicts Christo’s claim, and that to hold otherwise would lead to nonsensical results. The trustee points out that § 522(d)(ll)(D) refers to “a payment, not to exceed $15,000, on account of personal bodily injury,” 11 U.S.C. § 522(d)(ll)(D) (emphasis added), and does not use language such as “payment, not to exceed $15,000, on account of each instance of personal bodily injury.” Furthermore, the trustee argues, § 522(d) distinguishes exempted property from non-exempted property by type and not number. While certain subsections do refer to “aggregate” interests (e.g., subsections (1) (real property), (3) (household furnishings), and (4) (jewelry)) and subsection (2) does limit the exemption to “one” motor vehicle, the trustee notes that it is easy to see how Congress anticipated multiple properties and so multiple claims in these areas but did not do so in the context of personal bodily injuries. Finally, the trustee argues that Christo’s reading of the statute would result in inequity because it would treat similarly situated debtors differently.
The BAP agreed with the trustee’s interpretation in an opinion examining text, context, and legislative history. We affirm, largely adopt the BAP’s opinion, and outline briefly our reasons. First, the language of the exemption in 11 U.S.C. § 522(d)(11)(D) refers to “a payment.” While there is some ambiguity, the more natural reading is that there is a single exemption. Second, the overall scheme of exemptions in § 522(d)(11) displays a pattern of allowing one exemption per category. Third, the purpose of exemptions is to provide support for the debtors at a reasonably necessary level. The reasonably necessary level should not, logically, vary to provide more in total exemption amount to someone who is in three minor accidents than one who is in a single catastrophic accident. That is particularly so given that there are the exemptions in §§ 522(d)(10)(A) and (C) for social security and disability benefits. That is, the exemption for “a payment in account of personal bodily injury” is not a proxy for degree of disability. Fourth, the reading of the exemption as limited to one $15,000 exemption more equitably treats similarly situated debtors.
*39 As the BAP states, “[t]he purpose of the statute ... is served by limiting, it to one exemption, regardless of the number of incidents of bodily injury, because the determination of what is ‘reasonably necessary5 to support the debtor should not hinge on the number of injuries suffered.” Christo, 228 B.R. at 52-53. If the statute were read as Christo suggests, Debtor A who sustained a single $45,000 personal injury would receive only a $15,000 exemption, while Debtor B who sustained three separate injuries of $15,000 each, totaling $45,000, would receive a $45,000 exemption. The “value” of the personal injury claims to Debtors A and B would be the same but the exemptions allowed to each of them would be wildly different. Certainly it is possible that multiple incidents of personal bodily injuries might be more severe, and require more support, than a single incident, but, as the BAP pointed out, see id. at 53, that will not necessarily be so. More importantly, “Congress set a cap of $15,000.00 to be exempted on account of bodily injury, and there is no indication that amount should be multiplied depending on an individual debtor’s situation.” Id.
Though we acknowledge the default rule that courts should construe the Bankruptcy Code’s exemptions “liberally to reflect their remedial purposes,” In re Caron, 82 F.3d 7, 10 (1st Cir.1996), we also recognize that, in certain situations, there are reasons “to afford a more narrow reading,” id. In other words, a text’s possible ambiguity does not preclude further inquiry into which interpretation better coincides with the Code’s purposes. Such an inquiry might include reviewing a particular provision’s legislative history (as in Caron) or logic. This evaluation may confirm a construction that is in a debtor’s favor. There are times, however, when, as here, a contrary conclusion is warranted.
We agree with the BAP “that the phrase ‘on account of personal bodily injury’ should be interpreted as defining the nature of the payment that is exempt and not the number of injuries suffered.” Id. at 53. Consequently, a Chapter 7 debtor is entitled to one exemption of no more than $15,000 on account of personal injury, regardless of the number of injuries involved. We affirm.

. The amount of the exemption allowed under § 522(d)(ll)(D) has since been increased to $16,150 to reflect the change in the Consumer Price Index for All Urban Consumers. See generally 11 U.S.C. § 104(b)(1). This case, however, is governed by the earlier amount. See 11 U.S.C. § 104(b)(3).