132 Nev., Advance Opinion 80

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID JOHN KAPLAN,
Appellant,
vs.
CHAPTER 7 TRUSTEE, ALLEN
DUTRA,
Respondent.

No. 69065

**FILED**

DEC 0 1 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Certified question, pursuant to NRAP 5, concerning the application of a statute regarding personal injury exemptions in a bankruptcy proceeding. United States Bankruptcy Court, District of Nevada; Gregg W. Zive, Bankruptcy Court Judge.

*Question answered.*

Christopher P. Burke, Reno,
for Appellant.

Michael C. Lehners, Reno,
for Respondent.

_____

BEFORE THE COURT EN BANC.[1]

_____

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.

2/9/17: Corrected per letter to publishers. CJ

16-37133

## OPINION

By the Court, GIBBONS, J.:

In response to a certified question submitted by the United States Bankruptcy Court for the District of Nevada, we consider whether NRS 21.090(1)(u) allows a debtor multiple personal injury exemptions of $16,150 or only a single, aggregate personal injury exemption of $16,150. We conclude that under NRS 21.090(1)(u), a debtor is entitled to multiple personal injury exemptions of $16,150 on a per-claim basis.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant David John Kaplan, in pro se, filed for Chapter 11 bankruptcy, which was later converted to a Chapter 7 bankruptcy. Prior to filing, Kaplan was involved in two personal injury cases. First, Kaplan was involved in a dog attack that injured his back. As a result, Kaplan had surgery on his back. Six weeks later, Kaplan was rear-ended, which also injured his back. The second accident hampered Kaplan's recovery from back surgery, and Kaplan underwent a second back surgery. Kaplan filed personal injury claims for both injuries.

As part of his bankruptcy proceedings, Kaplan claimed two personal injury exemptions under NRS 21.090(1)(u)—$16,150 for the personal injury settlement stemming from the dog attack, and another $16,150 exemption stemming from the automobile accident. The Chapter 7 trustee, Allen Dutra, filed an objection to Kaplan's claim of two exemptions.

The bankruptcy court certified to this court the question of whether a debtor is entitled to more than one personal injury exemption

under NRS 21.090(1)(u) if the debtor has more than one personal injury incident.

## DISCUSSION

"Under NRAP 5(a), this court may answer questions of law certified to it by federal courts when the 'answers may be determinative of part of the federal case, there is no controlling [Nevada] precedent, and the answer will help settle important questions of law.'" *Savage v. Pierson*, 123 Nev. 86, 89, 157 P.3d 697, 699 (2007) (alteration in original) (quoting *Volvo Cars of N. Am. v. Ricci*, 122 Nev. 746, 751, 137 P.3d 1161, 1164 (2006) (internal quotation marks omitted)). In the present case, (1) answering the question presented by the bankruptcy court will determine part of an ongoing bankruptcy case, (2) it appears that there is no Nevada precedent on the question presented in this case, and (3) the answer will settle an important question of law regarding the scope of NRS 21.090(1)(u). Accordingly, we will address the question presented to this court.

This certified question raises issues of statutory interpretation. "When examining a statute, a purely legal inquiry, this court should ascribe to its words their plain meaning, unless this meaning was clearly not intended." *Savage*, 123 Nev. at 89, 157 P.3d at 699. "If, however, a statute is subject to more than one reasonable interpretation, it is ambiguous, and the plain meaning rule does not apply. When a statute is ambiguous, legislative intent is the controlling factor, and reason and public policy may be considered in determining what the Legislature intended." *Id.*

*NRS 21.090(1)(u) is ambiguous*

We conclude that the language of NRS 21.090(1)(u) is ambiguous. NRS 21.090 provides that certain property is exempt from execution. Specifically, NRS 21.090(1)(u) provides an exemption for

> [p]ayments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

The terms "payments" and "personal injury" are both susceptible to more than one reasonable interpretation. "Payments" may reasonably be read to include multiple personal injury payments that result from multiple personal injury claims, in aggregate, limiting the claimed exemption under NRS 21.090(1)(u) to a total of $16,150—regardless of the number of claims or incidents. "Payments" may also be read to refer to multiple payments received independently for each incident or claim, given that the statute only refers to "payments . . . received as compensation for personal *injury*" and not for "personal *injuries*." NRS 21.090(1)(u) (emphasis added). Because the statute is ambiguous, we next turn to legislative intent to determine the meaning of the statute.

*NRS 21.090(1)(u) provides for multiple personal injury exemptions, on a per-claim basis*

The legislative intent regarding NRS 21.090(1)(u) is unclear. The Nevada Legislature amended NRS 21.090 to include the personal injury exemption, NRS 21.090(1)(u), during the seventy-second regular session. S.B. 70, 72d Leg. (Nev. 2003). S.B. 70 was initially introduced to increase the amount of the homestead exemption and did not include

SUPREME COURT
OF
NEVADA

(O) 1947A

any other changes to NRS 21.090. *See* Hearing on S.B. 70 Before the Senate Judiciary Comm., 72d Leg. (Nev., Feb. 13, 2003). The bill was later amended to include other exemptions under NRS 21.090, including the personal injury exemption. *See* Hearing on S.B. 70 Before the Assembly Judiciary Comm., 72d Leg. (Nev., May 2, 2003). However, there is scant evidence in the legislative history to suggest the Legislature's intent regarding whether NRS 21.090(1)(u) was intended to provide for a single exemption or multiple exemptions. For that reason, we look to reason and public policy to inform our decision regarding the interpretation of NRS 21.090(1)(u).

We conclude that reason and public policy suggest NRS 21.090(1)(u) should be read to provide for multiple personal injury exemptions on a per-claim basis. This court has previously noted that "[w]e liberally and beneficially construe our state exemption statutes in favor of the debtor." *In re Christensen*, 122 Nev. 1309, 1314, 149 P.3d 40, 43 (2006). "The purpose of Nevada's exemption statutes is to secure to the debtor the necessary means of gaining a livelihood, while doing as little injury as possible to the creditor." *Savage*, 123 Nev. at 90, 157 P.3d at 700 (internal quotation marks omitted).

While discussing the amendment that included the personal injury exemption, the Legislature explained that the policy of the bankruptcy chapter is "to exempt the basics so someone can go on with their life." Hearing on S.B. 70 Before the Assembly Judiciary Comm., 72d Leg. at 26 (Nev., May 2, 2003). The personal injury exemption provides a debtor with the ability to exempt an amount of the funds received as compensation for personal injury that does not include pain and suffering or pecuniary loss. This indicates that the purpose of the exemption is to

SUPREME COURT
OF
NEVADA

(O) 1947A

allow a debtor to retain funds that are necessary to his or her recovery from the injury sustained such that the debtor can regain a livelihood. Should a debtor sustain multiple injuries, limiting the personal injury exemption to an aggregate $16,150 would defeat the purpose of securing to the debtor the necessary means of gaining a livelihood, as multiple injuries sustained as a result of different events would likely result in a higher cost of recovery to the debtor. Thus, reason and public policy dictate that NRS 21.090(1)(u) entitles a debtor to an exemption for each personal injury claim, on a per-claim basis.

*Split of authority*

Though we base our holding on Nevada law and the legislative history of NRS 21.090(1)(u), we note that a split of authority exists on this issue at the federal level. Federal courts are split as to whether the federal personal injury exemption, 11 U.S.C. § 522(d)(11)(D) (2012), entitles a debtor to an exemption up to the statutory maximum for each personal injury action or only to a single, aggregate personal injury exemption regardless of the number of separate injuries and have relied on various theories and tools of statutory construction to reach different conclusions. *Compare In re Comeaux,* 305 B.R. 802 (Bankr. E.D. Tex. 2003), *with In re Phillips,* 485 B.R. 53 (Bankr. E.D.N.Y. 2012).

Some federal courts found the federal personal injury exemption applied to each personal injury claim individually. *See, e.g., Comeaux,* 305 B.R. at 807; *See also In re Marcus,* 172 B.R. 502, 504 (Bankr. D. Conn. 1994). In *Comeaux,* the debtors claimed three separate personal injury exemptions for injuries sustained in three separate and distinct accidents. 305 B.R. at 803. The *Comeaux* court based its conclusion on the following: (1) the general rule of construction that

exemption statutes are to be liberally construed in favor of the debtor; (2) Congress demonstrated its ability to utilize numeric and aggregate limits elsewhere in § 522 and chose not to do so in § 522(d)(11)(D); and (3) as a policy matter, debtors who suffer personal bodily injuries from multiple accidents should be afforded the small degree of protection the personal injury exemption affords. *Id.* at 807.

Alternatively, other courts have determined that the federal personal injury exemption only entitles a debtor to claim a single exemption for personal bodily injury, in aggregate, regardless of the number of payments, incidents, or accidents that have occurred or how many injuries were sustained. *See, e.g., Phillips*, 485 B.R. at 61-62; *see also In re Christo*, 228 B.R. 48, 53 (B.A.P. 1st Cir.), *aff'd*, 192 F.3d 36 (1st Cir. 1999). The bankruptcy court in *Phillips* concluded the federal personal injury exemption applied to all injuries and payments in aggregate, determining that a single exemption was a more natural reading of 11 U.S.C. § 522(d)(11)(D). *Phillips*, 485 B.R. at 61-62. The *Phillips* court relied on 11 U.S.C. § 102(7), which provides that the federal bankruptcy code should be read such that "the singular includes the plural." *Id.* at 57. Accordingly, the *Phillips* court reasoned that the terms "a payment" and "injury" included both singular and multiple payments and injuries and should therefore be read to apply to all payments and injuries in the aggregate. *Id.*

We agree with the *Comeaux* court's analysis of federal law, and reach a similar result here. We hold that NRS 21.090(1)(u) should be

SUPREME COURT
OF
NEVADA

(O) 1947A

construed in favor of the debtor and that the statute entitles a debtor to an exemption for each personal injury claim, on a per-claim basis.

_____, J.
Gibbons

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Pickering